IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| FRANK FITZGERALD, <br><br> *Plaintiff* <br><br> v. <br><br> METRO SEPTIC LLC AND METRO SEPTIC AND PLUMBING, LLC. <br><br> *Defendants.* | Civil Action File No.  4:16-cv-5-HLM |

## COMPLAINT FOR DAMAGES

Plaintiff Frank Fitzgerald files this Complaint against his former employer Defendant Metro Septic for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*., showing the Court as follows:

## Jurisdiction and Venue

1.     The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 29 U.S.C. § 216(b).

2.     Defendant Metro Septic LLC is a business located in Cartersville, Georgia and may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Mr. John Kenney Lee, 8 Georgia

- 1 -

Blvd., Cartersville, GA 30120. After service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

3.      Defendant Metro Septic and Plumbing, LLC is a business located in Cartersville, Georgia.  Upon information and belief, Metro Septic and Plumbing, LLC is a joint employer of Metro Septic LLC, interrelated entity with Metro Septic LLC, and/or a successor in interest to Metro Septic LLC and may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Mr. John Kenney Lee, 8 Georgia Blvd., Cartersville, GA 30120. After service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a corporation that is deemed to reside in this judicial district under 28 U.S.C. § 1391(c) and a substantial part of the events giving rise to Plaintiff's claim against Defendant occurred in this district.

5.      Venue in the Rome Division of the Northern District of Georgia is proper because the Defendants reside within this division.  LR 3.1 (B)(1)(a), NDGa.

## Factual Allegations

6.     At all times relevant to this Complaint, Defendants have maintained offices, conducted substantial business in Georgia, and been registered with the Georgia Secretary of State.

7.     Upon information and belief, Defendants were Plaintiffs employers within the meaning of 29 U.S.C. §203(d).

8.     Defendants perform septic and plumbing services.

9.     Defendants have the same corporate organizer and registered agent, Mr. John Kenney Lee.

10.    Defendants' web pages are integrated in numerous manners, including, but not limited to:  the Metro Septic and Metro Septic and Plumbing logos are the same (simply using the different titles); the metroseptic.com website includes a link to the plumbing services it offers which link takes the visitor to metrosepticandplumbing.com; the Metro Septic and Plumbing website includes the twitter feed for MetroSepticLLC; and the customer reviews from both websites are the same.

11.    Defendant Metro Septic LLC is an enterprise engaged in interstate commerce pursuant to §3(s) of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 203(s)(1)(B), because its annual gross sales or business done exceeds

$500,000.00 and its "employees engage[] in commerce" or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

12.     Defendant Metro Septic and Plumbing LLC is an enterprise engaged in interstate commerce pursuant to §3(s) of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 203(s)(1)(B), because its annual gross sales or business done exceeds $500,000.00 and its "employees engage[] in commerce" or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

13.     Defendant Metro Septic LLC is and was at all times relevant to this Complaint an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

14.     Defendant Metro Septic and Plumbing, LLC is and was at all times relevant to this Complaint an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

15.     Defendant Metro Septic LLC is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

16.     Defendant Metro Septic and Plumbing, LLC is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

17.     Plaintiff was employed by one or more of the Defendants as septic technician and field line installer from approximately November 2013 through October 2014.

18.     Plaintiff reported to work at Defendant's Cartersville, Bartow County, Georgia location.

19.     As a septic technician and field line installer, Plaintiff's primary duties included servicing septic tanks and installing septic lines at residences.  On occasion, he cleaned grease traps at businesses.

20.     Throughout his employment by Defendants, Defendants classified Plaintiff as exempt from the FLSA's overtime requirements, and Plaintiff was Defendant's "employee" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e). Until his termination, Defendants paid Plaintiff a fixed salary.

21.     Plaintiff's fixed salary was one thousand dollars ($1,000) per week.

22.     If Plaintiff was required to miss work because of sickness or otherwise, Defendants withheld pay from his salary.

23.     Plaintiff was not employed by Defendants in an executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a)(1) and was not subject to any other exemptions contained in the FLSA or in any regulations interpreting the FLSA during his employment.

24.     During his employment, Defendants routinely required or permitted Plaintiff to work overtime, i.e., in excess of 40 hours per week.

25.     Defendants required that Plaintiff arrive to work prior to 7:00 a.m. and remain on the job at least nine (9) hours per day.

26.     Plaintiff routinely worked more than nine (9) hours per day.

27.     Plaintiff did not work less than forty (40) hours per week without Defendants reducing his pay.

28.     Defendants failed to pay Plaintiff for any overtime worked.

## Count I - Claim for Unpaid Overtime (Violation of 29 U.S.C. § 207)

29.     Plaintiff incorporates the preceding paragraphs of this Complaint in this Count I by reference as if they were fully stated herein.

30.     Defendants violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing and refusing to pay all earned overtime wages as required by law to Plaintiff, who was a non-exempt employee.

31.     Defendants' violation of the FLSA was "willful," as defined by the Act, and Defendant's failure and refusal to comply with the FLSA constitutes a willful violation of Section 7(a) of the FLSA, 29 U.S.C. 207(a), for purposes of determining the applicable statute of limitations under 29 U.S.C. § 255(a).

32.     Plaintiff is entitled to all such unpaid overtime compensation and an additional, equal amount as liquidated damages, for all uncompensated, overtime hours worked by her at any time during the three-year period immediately

preceding the filing of this lawsuit pursuant to Section 16 of the FLSA, 29 U.S.C. §

216.

Wherefore, Plaintiff prays

(a) that process issue against Defendants as provided by law;

(b) that, as to Count I, the Court enter judgment against Defendants and in

favor of Plaintiff for her unpaid overtime wages pursuant to 29 U.S.C. § 207,

liquidated damages as provided by 29 U.S.C. § 216, prejudgment interest, court

costs, and reasonable attorneys' fees, all as provided by 29 U.S.C. § 216;

(c) for such further and additional relief as the Court deems just and

equitable; and

(d) for trial by jury.

This 11th day of January, 2016.

ORR, BROWN & BILLIPS, LLP

Post Office Box 2944                     *s/Kristine Orr Brown*
Gainesville, Georgia 30503               Kristine Orr Brown (Ga. Bar No. 554630)
770-534-1980
770-536-5910 (facsimile)
kbrown@orrbrownandbillips.com
                                         ATTORNEYS FOR PLAINTIFF